UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN D. NELLIST,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN,<br><br>    Respondent. | CAUSE NO. 3:20-CV-862-RLM-MGG |

OPINION AND ORDER

  John D. Nellist, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his conviction in Elkhart County under cause number 20C01-1310-FA-00055 for dealing methamphetamine. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

  Elkhart County public records reflect that on February 11, 2014, Mr. Nellist pleaded guilty to dealing methamphetamine within 1,000 feet of a family housing complex in violation of Indiana Code § 35-48-4-1.1(b)(3)(B)(iii).[1] *See* State v. Nellist, No. 20C01-1310-FA-000055 (Elkhart Sup. Ct. filed Oct. 9, 2013). On March 6, 2014, he was sentenced to an agreed term of 35 years in prison. *Id.* He didn't pursue a direct appeal.

---

[1] Mr. Nellist left a number of questions on the petition blank pertaining to the applicable dates and other matters. (*See* ECF 1 at 1-2.) The court is permitted to take judicial notice of official state court records related to his conviction. *See* FED. R. CIV. P. 201.

On April 27, 2016, Mr. Nellist filed a state petition for post-conviction relief. State v. Nellist, No. 20C01-1310-FA-000055. The Elkhart County court denied the petition after an evidentiary hearing. Mr. Nellist appealed, raising the following claims: his trial attorney was ineffective in failing to argue that there were no children present in the apartment complex, such that the elements of the offense were not met; his trial attorney was ineffective in failing to argue that his bipolar disorder and substance abuse problem warranted a lighter sentence; and the post-conviction court abused its discretion in denying his request for subpoenas. Nellist v. State, 112 N.E.3d 238 (Table), 2018 WL 5729240, at *2-*5 (Ind. Ct. App. Nov. 2, 2018). On November 2, 2018, the Indiana Court of Appeals issued an opinion rejecting these arguments and affirming the denial of post-conviction relief. *Id.* Mr. Nellist sought transfer to the Indiana Supreme Court, but his petition was denied on January 10, 2019. Nellist v. State, 120 N.E.3d 556 (Table), 2019 WL 192472 (Ind. 2019).

In December 2019, Mr. Nellist moved in the trial court for a modification of his sentence based on his progress while in prison. State v. Nellist, No. 20C0-1310-FA-00055. The court partially granted the motion on May 27, 2020, ordering that the last eight years of the 35-year sentence to be served on probation. *Id.* In July 2020, Mr. Nellist sought leave from the Indiana Court of Appeals to pursue a successive post-conviction petition. Nellist v. State, 20A-SP-01410 (Ind. Ct. App. Filed July 30, 2020). On August 10, 2020, his request was denied. *Id.*

2

Mr. Nellist tendered this federal petition for mailing on October 12, 2020. Giving the petition liberal construction, he appears to raise the following claims: (1) the Indiana statute under which he was convicted is overly broad in using the term "family housing complex"; (2) the statute is unduly vague in using this term; (3) the post-conviction judge violated his federal due process rights; and (4) he received ineffective assistance of counsel under the Sixth Amendment because his trial counsel didn't challenge the charging document as unduly vague.

This petition is governed by the Anti-Terrorism and Effective Death Penalty Act, which is known among acronym users as "AEDPA", and which contains a strict statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Nellist was sentenced on March 6, 2014, and he didn't pursue a direct appeal. His conviction became final for purposes of AEDPA when the time for filing an appeal expired 30 days after the judgment. *See* Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (for habeas petitioners who don't complete all levels of state review, the judgment becomes final when the time for filing an appeal expires); IND. R. APP. P. 9(A)(1) (providing that notice of appeal must be filed no later than 30 days from the trial court's judgment). As of that date—April 7, 2014—the one-year clock began running, giving Mr. Nellist until April 2015 to file a timely federal petition. He didn't file his federal petition by that deadline.

The federal deadline had already expired the time Mr. Nellist filed his state post-conviction petition in April 2016. The Indiana Court of Appeals' decision in November 2018 affirming the denial of post-conviction relief didn't restart the clock or open a new "window" for federal habeas review. De Jesus v. Acevedo, 567 F.3d 941, 942-943 (7th Cir. 2009). Another 20 months elapsed on the federal clock between the date the Indiana Supreme Court denied transfer on post-conviction review and the date Mr. Nellist filed his federal petition. Mr. Nellist sought leave to pursue a successive post-conviction petition and filed a motion to modify his sentence in the interim, but those filings didn't toll the federal deadline under 28 U.S.C. § 2244(d)(2). *See* Martinez v. Jones, 556 F.3d 637, 638

(7th Cir. 2009); IND. POST-CONVICTION R. 1(1)(B). Indeed, because the federal deadline had expired by the time he filed these documents, they are "irrelevant" for statute of limitation purposes. De Jesus v. Acevedo, 567 F.3d at 942-943. This petition was filed well beyond the one-year deadline.

Mr. Nellist doesn't argue, and the court sees no basis in the record to conclude, that his claims are based on newly discovered facts or a new Supreme Court case made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C)-(D). Instead, he is asserting straightforward claims of vagueness and overbreadth, due process violations, and ineffective assistance of counsel based on trial counsel's failure to challenge the charging document filed in 2013. The factual basis for these claims would have been available to him for several years. Nor does Mr. Nellist identify any state-created impediment that prevented him from filing his federal petition on time, nor is any such impediment discernible from the record. *See* 28 U.S.C. § 2244(d)(1)(B).

When asked to explain why the petition is timely, Mr. Nellist appears to argue that his failure to comply with the deadline should be excused because he has no attorney. He appears to be invoking the doctrine of equitable tolling. Equitable tolling is a common law doctrine that may be applied to excuse an untimely filing if the petitioner can establish that he has been pursuing his rights diligently but was prevented from filing on time due to some extraordinary circumstance that stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). "[E]xtraordinary circumstance" means something "beyond the applicant's control that prevents timely filing; simple legal errors, such as ignorance of the federal

5

deadline, do not suffice." Perry v. Brown, 950 F.3d 410, 412 (7th Cir. 2020). That Mr. Nellist is incarcerated or has no formal legal training doesn't provide grounds to equitably toll the deadline under AEDPA. Davis v. Humphreys, 747 F.3d 497, 500 (7th Cir. 2014) ("[P]risoners' shortcomings of knowledge about the AEDPA or the law of criminal procedure in general do not support tolling."). This petition is untimely and can't be considered on the merits.

Even if Mr. Nellist could overcome the statute of limitations bar, he acknowledges that he did not present any of his four claims to the Indiana Supreme Court. (ECF 1 at 3-4.) Before a federal court can consider the merits of claim contained in a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); Hoglund v. Neal, 959 F.3d 819, 832 (7th Cir. 2020). The exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. Davila v. Davis, 137 S. Ct. 2058, 2064 (2017); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claim in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); O'Sullivan v. Boerckel, 526 U.S. at 845. This includes seeking discretionary review in the state court of last resort. *Id.* at 848. The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim wasn't

presented to the state courts and the opportunity to do so has now passed. Davila v. Davis, 137 S. Ct. at 2064; Coleman v. Thompson, 501 U.S. 722, 735 (1991).

Mr. Nellist acknowledges that he didn't present any of the four claims in his petition to the Indiana Supreme Court either on direct appeal or on post-conviction review.[2] (ECF 1 at 4-5.) Although the claims were apparently contained in his request to pursue a successive post-conviction petition (*see id.*), the Indiana Court of Appeals declined to authorize the petition, concluding that he did not satisfy the state law requirements for pursuing such relief. *See Thomas v. Williams*, 822 F.3d 378, 384–85 (7th Cir. 2016) (state court's determination that petitioner did not satisfy the state law standard for pursuing a successive post-conviction petition constituted an adequate and independent state procedural ground precluding federal review). The claims are thus defaulted, and Mr. Nellist does not provide any grounds for excusing his default. On this ground, too, the petition must be dismissed pursuant to Rule 4.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the

---

[2] Mr. Nellist asserted an ineffective-assistance claim on post-conviction review, but it was based on a different failing by counsel. Each ground of ineffective-assistance is considered separately for exhaustion purposes. Stevens v. McBride, 489 F.3d 883, 894 (7th Cir. 2007). Mr. Nellist didn't present the state courts with the specific facts surrounding his current ineffective-assistance claim. *See* Hicks v. Hepp, 871 F.3d 513, 530 (7th Cir. 2017) (to fairly present a claim, the "petitioner must place before the state court both the controlling law and the operative facts" supporting his claim).

petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons fully explained above, Mr. Nellist's petition is untimely and his claims procedurally defaulted. The court finds no basis to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage Mr. Nellist to proceed further. Accordingly, the court declines to issue him a certificate of appealability.

For all of these reasons, the court DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and DENIES the petitioner a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED.

Dated: October 19, 2020          s/ Robert L. Miller, Jr.
                                 Judge, United States District Court